UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Arturo Esguerra<br><br>  Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc.<br><br>  Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Arturo Esguerra, ("Arturo"), is a natural person who resided in Hollywood, Florida, at all times relevant to this action.

2. Defendant, National Enterprise Systems, Inc., ("NES"), is an Ohio Corporation that maintained its principal place of business in Solon, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, NES collected consumer debts.

6. NES regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of NES revenue is debt collection.

8. NES is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, NES contacted Arturo to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Arturo is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around August 2013, NES began contacting Arturo on his home telephone in connection with the collection of the debt.

13. NES contacted Arturo approximately 44 times over a period of one month.

14. During one communication in September 2013, NES threatened Arturo by telling him NES would garnish his wages and he would end up in court if Arturo didn't pay the debt.

15. NES has not garnished Arturo's wages.

16. NES never intended to garnish Arturo's wages.

17. NES has not taken legal action against Arturo.

18. NES never intended to take legal action against Arturo.

19. On more than one occasion, NES used abusive language when speaking to Arturo. NES used language similar to "stupid", "asshole" and "idiot". NES also told Arturo NES would contact his employer and stated something substantially similar to, "You will go down" and "We will sue you".

20. NES has not filed a lawsuit against Arturo.

21. NES never intended to file a lawsuit against Arturo.

22. Around September 19, 2013, Arturo requested NES cease further calls to Arturo.

23. Despite this request, NES contacted Arturo on numerous occasions in connection with the collection of the debt.

24. On numerous occasions, Arturo requested NES cease further calls to Arturo.

25. Despite these repeated requests, NES continued to contact Arturo.

26. On more than one occasion, most recently in September 2013, NES contacted Arturo's brother, ("Brother"), in connection with the collection of the debt.

27. During at least one of these communications, NES disclosed to Brother that Arturo owed the debt.

28. At the time of the communication to Brother, in September 2013, NES already had Arturo's location information.

29. On at least one occasion, Arturo requested NES cease further calls to Arturo's family members.

30. In response to Arturo's request, NES told Arturo NES would keep pursuing Arturo until Arturo paid the debt.

31. NES caused Arturo severe emotional distress.

32. NES attempted to collect a debt from Arturo.

33. NES violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

45. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: December 10, 2013

Jeffrey S. Hyslip, Esq.
917 W. 18th Street, Suite 200
Chicago, IL  60608
312-380-6110
Jeffrey@lifetimedebtsolutions.com